**Dissenting opinion issued November 8, 2012**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-11-00350-CR**

_____

**BARRINGTON THOMPSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case No. 1290502**

## DISSENTING OPINION

Although I agree that the trial court erred in overruling Mr. Thompson's

objection to the State's closing argument, I disagree that the error was harmless

and, because I would reverse and remand on that basis, I respectfully dissent.

Constitutional harm analysis under *Snowden* requires us to take every circumstance apparent in the record that logically informs our constitutional error analysis into account. *See Snowden v. State*, 353 S.W.3d 815, 822 (Tex. Crim. App. 2011). Here, those circumstances dovetail with the remaining *Harris* factors that the *Snowden* court deemed appropriate for appellate consideration. *Snowden*, 353 S.W.3d at 821–22 (discussing *Harris v. State*, 790 S.W.2d 568, 587–88 (Tex. Crim. App. 1989)).

Although the State's comment on Thompson's failure to testify was indirect, made with no apparent animus, and possibly mitigated by the jury instructions, it nevertheless emphasized to the jury Mr. Thompson's failure to testify on a topic that he alone was in a position to know: his intent. After the court overruled Thompson's objection, although the prosecutor stepped it back from Mr. Thompson's failure to testify, he continued to keep the jury's focus upon this issue of Thompson's intent by then urging the jurors to look to the circumstantial evidence for proof of intent.

As to the weight a juror might place upon the error, I would note that the trial testimony revealed that only two persons were present at the time of the offense: Officer Ayala and Thompson. Ayala, the State's lone witness, was the sole source of the State's evidence. His testimony as to the facts of his encounter

2

with Thompson was the only circumstantial evidence from which the jury could infer intent. The prosecutor's comment on Thompson's failure to testify emphasized for the jury Thompson's failure to testify as to his intent—a topic that only Thompson was in a position to know. Because the trial court overruled Thompson's objection, no curative instructions were given. Under these facts, it is quite possible that a juror accorded some weight to the prosecutor's improper statement. *See Crocker v. State*, 248 S.W.3d 299, 307 (Tex. App.—Houston [1st] 2007, pet. ref'd) (applying fifth *Harris* factor).

Having evaluated the record in a neutral, impartial, and even-handed manner and taking into account every circumstance apparent in the record that logically informs this Court's constitutional error analysis, I cannot say, beyond a reasonable doubt that the error did not contribute to Thompson's conviction. *See* TEX. R. APP. P. 44.2(a); *Snowden*, 353 S.W.3d at 821–22; *Harris*, 790 S.W.2d at 586.

Accordingly, I would sustain Thompson's second issue and reverse and remand for further proceedings.


Jim Sharp
Justice

Panel consists of Justices Higley, Sharp, and Huddle.

Justice Sharp, dissenting.